UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

| | |
|---|---|
| GRADY G. CALHOUN, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 5: 08-CV-446-KSF |
| ) | |
| vs. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Respondent. ) | |

\*\*\*\*   \*\*\*\*   \*\*\*\*

On October 17, 2008, Grady Calhoun ("Calhoun"), an inmate incarcerated at the Federal Correctional Institution in Ashland, Kentucky ("FCI-Ashland"), filed a motion entitled *Motion for Early Release and/or Sentence Commutation*. The Clerk of the Court filed the Motion in Calhoun's criminal case. *United States v. Calhoun*, 07-CR-62-KSF [R. 24] Because the Motion is not of a kind permitted by Federal Rule of Criminal Procedure 35 or authorized by 28 U.S.C. § 2255, the *Motion* has been re-docketed as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 as a challenge to the Bureau of Prisons ("BOP") execution of his sentence. [R. 2]  *Cf. Pak v. United States*, 278 F.Supp.2d 263, 271 n.4 (D. Conn. 2003) (request for early release should ordinarily be brought under Section 2241, not Section 2255).

This matter is before the Court for screening. 28 U.S.C. § 2243; *Harper v. Thoms*, 2002 WL 31388736, \*1 (6th Cir. 2002). As Calhoun is appearing *pro se*, his petition is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in his petition are

1

taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But if the Court determines that the petition fails to establish adequate grounds for relief, it may dismiss the petition or make such disposition as law and justice require. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

I.     FACTUAL BACKGROUND

In his *Motion*, Calhoun provides a history of his conviction and sentencing before this Court, describes the harsh treatment he received at the hands of guards and other prisoners while serving time in state jails prior to his surrender to BOP custody for service of his federal sentence, and underscores his strong efforts at rehabilitation during both his state and federal incarceration. Included with his motion are a number of letters in support of his request for early release written by staff and supervisory personnel at jails and at work-release locations where Calhoun was involved during his state incarceration.

II.     DISCUSSION

Prior to the filing of Calhoun's motion, the Court specifically advised him that, as stated by the United States Probation Office, there is "no mechanism whereby the Court can reduce, or commute, a sentence under the circumstances you stated in your letter" and "the Court has no legal avenues available to grant the request." *United States v. Calhoun*, 07-CR-62-KSF [R. 23] Apparently undeterred, Calhoun filed the present motion. The fact remains, however, that the Court lacks a statutory basis to grant the relief requested by Calhoun. *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997) ("A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization.")

The only way a prisoner may obtain release from incarceration prior to the end of a validly-

imposed sentence on compassionate grounds is set forth in Section 3582. That statute provides, in pertinent part, that:

> The court may not modify a term of imprisonment once it has been imposed except that--
>
> (1) in any case--
>
> (A) the court, ***upon motion of the Director of the Bureau of Prisons***, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and

18 U.S.C. § 3582(c) (emphasis added). As a threshold matter, Section 3582(c) requires that the motion for sentence reduction be filed by the Director of the BOP. Calhoun therefore lacks standing to request the sentence reduction he seeks on his own behalf. On this basis alone, the Court must conclude that Calhoun's request for relief from his sentence on the basis of compassionate release must be denied. *United States v. Tyler*, 417 F.Supp.2d 80, 84 (D. Me. 2006); *United States v. Myers*, 375 F.Supp.2d 1293, 1298 (D.N.M. 2005). Further, even under the more relaxed guidelines recently promulgated by the United States Sentencing Commission, rehabilitation alone does not constitute a "extraordinary and compelling reason" for compassionate release. 28 U.S.C. § 994(t).

3

**III.  CONCLUSION**

Accordingly, **IT IS ORDERED** that:

1.  Calhoun's petition for a writ of habeas corpus under 28 U.S.C. § 2241 [R. 2] is **DENIED**.

2.  The Court certifies that any appeal would not be taken in good faith. 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997); *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997).

This 10th day of November, 2008.



Signed By:
*Karl S. Forester*  KSF
United States Senior Judge